Bandarovich v. Holder

BIA
A089 253 341

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of July, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

ANDREI BANDAROVICH,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-1843-ag
NAC

_____

FOR PETITIONER:     H. Raymond Fasano, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Anna Nelson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Andrei Bandarovich, a native of the former Soviet Union and citizen of Belarus, challenges the April 6, 2011 decision of the BIA denying his motion to reopen, *In re Andrei Bandarovich*, No. A089 253 341 (B.I.A. Apr. 6, 2011), a decision we review for abuse of discretion, *see Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to deny the petition for review.

Bandarovich does not dispute the BIA's conclusion that, because he filed his motion after his voluntary departure period expired, he cannot unilaterally withdraw his request for voluntary departure under *Dada v. Mukasey*, 554 U.S. 1, 21 (2008) (holding that alien "must be permitted to withdraw, unilaterally, a voluntary departure request *before* expiration of the departure period" (emphasis added)); *see* 8 C.F.R. § 1240.26. Rather, Bandarovich contends reopening is necessary because the immigration judge ("IJ") did not

2

explain the consequences of a failure to abide by the voluntary departure order and therefore violated his due process rights.

The record is to the contrary. The IJ specifically enumerated to Bandarovich and his wife the consequences of the voluntary departure order, advising them that failure to depart within the time specified would result in a removal order and ineligibility to receive certain benefits, including adjustment of status. The IJ further offered Bandarovich and his wife a moment to discuss the applicable consequences with counsel before rendering the decision, which Bandarovich, through counsel, declined.[1] Finally, the written order of the IJ and the BIA's 2010 decision, documents which Bandarovich does not dispute receiving, both discuss the consequences of any failure to abide by the voluntary departure order. *See* 8 U.S.C. § 1229c(d). Under these circumstances, the BIA did not abuse its discretion in rejecting Bandarovich's bare assertions that he did not knowingly, intelligently, or voluntarily agree to entry of the order. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d

---

[1] On appeal, Bandarovich has expressly disclaimed any claim of ineffective assistance of counsel.

3

Cir. 2007) ("To establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness" (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4